76666.0184

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| EULALIO MALDONADO AND ELISA MALDONADO | § § § | |
| Plaintiffs, | § § | |
| V. | § § | CIVIL ACTION NO. 5:16-CV-1158 |
| TRAVELERS LLOYDS OF TEXAS INSURANCE COMPANY | § § § § | |
| Defendant | § | |

## DEFENDANT TRAVELERS LLOYDS OF TEXAS INSURANCE COMPANY'S NOTICE OF REMOVAL

Defendant TRAVELERS LLOYDS OF TEXAS INSURANCE COMPANY, ("Travelers" or "Defendant"), files its Notice of Removal of this action from the 408TH Judicial District Court, Bexar County, Texas to the United States District Court for the Western District of Texas, San Antonio Division, the Court for the District and Division encompassing the place where the lawsuit is currently pending. In support of this removal, Defendant relies upon the Appendix Filed in Support of Defendant's Notice of Removal filed contemporaneously herewith and shows the following:

## I.
## INTRODUCTION

1. On October 21, 2016, Plaintiffs Eulalio Maldonado and Elisa Maldonado filed their original petition in the 408TH Judicial District Court, Bexar County, Texas captioned *Eulalio Maldonado and Elisa Maldonado v. Travelers Lloyds of Texas Insurance Company*, Cause Number 2016 CI 18407 (the "State Court Action").

2. Citation for the State Court Action was issued on October 24, 2016, and served on Travelers on November 2, 2016.

76666.0184

## II.
## BASIS FOR REMOVAL

3. This Court has original jurisdiction over this State Court Action, pursuant to 28 U.S.C. §1332(a), because it is a civil action between citizens of different states where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

4. The Plaintiffs seek monetary relief of over $200,000.00 but not more than $1,000,000.00. *See* Exhibit A-1, page 2. Accordingly, the amount in controversy in this matter meets and exceeds the federal jurisdictional minimum of $75,000, exclusive of interest and costs

5. Plaintiffs were at the time of the filing of this action, have been at all times since, and still are individual resident citizens of Texas. For diversity purposes, an individual is a citizen of the state of her domicile, which is the place of her true, fixed, and permanent home and principal establishment, to which she has the intention of returning home whenever she is absent therefrom. *See Stine v. Moore,* 213 F.2d 446, 448 (5th Cir. 1954). Accordingly, Plaintiffs are citizens of Texas.

6. Defendant Travelers Lloyds of Texas Insurance Company is a Lloyd's plan insurance association and an unincorporated association. For purposes of diversity jurisdiction, the citizenship of a Lloyd's plan insurance association is determined by the citizenship of its underwriters. *Royal Ins. Co. of Am. v. Quinn-L Capital Corp.*, 3 F.3d 877, 882-83 (5th Cir. 1993): *see also State Farm Lloyds v. Peed*, No. CIV.A. 3:00CV1696-BC, 2001 WL 513427 (N.D. Tex. May 9, 2001)(" For purposes of diversity jurisdiction, a Lloyds Plan insurer is considered an 'unincorporated association' whose citizenship is determined solely by the citizenship of its underwriters.).

7. On the date of this removal and at all relevant times, Travelers Lloyds of Texas Insurance Company's underwriters are all citizens of Connecticut; none of its underwriters are citizens of

76666.0184

Texas. *See* Exhibit B. Accordingly, Travelers Lloyds of Texas Insurance Company is a citizen of Connecticut.

8. Because the amount in controversy exceeds $75,000 and Plaintiffs are citizens of Texas while no properly joined defendant is a citizen of Texas, this Court has original jurisdiction over the present action pursuant to 28 USC §1332. Therefore, removal is proper.

9. This action may be removed to this Court pursuant to 28 USC §1441(a), which allows for the removal of any civil action brought in the state court of which the District Courts of the United States have original jurisdiction, by the defendant or the defendants, to the District Court of the United States for the district and division embracing the place where such action is pending.

10. This Notice of Removal is filed within thirty (30) days after service (on November 2, 2016) by Defendant of the State Court Action. This Notice of Removal has also been filed within one year of the filing of Plaintiff's Original Petition by which the State Court Action was commenced. This Notice, therefore, is timely filed pursuant to 28 USC §1446 (b).

### III.
### PROCEDURAL REQUIREMENTS

10. In accordance with 28 USC section 1446 (D), Defendant will promptly give written notice of this Notice of Removal to Plaintiff through counsel of record and file a copy of this Notice of Removal in the 408TH Judicial District Court, Bexar County, Texas.

11. Defendant reserves the right to amend or supplement this Notice of Removal.

12. The following are included in the Appendix filed contemporaneously with this Notice of Removal:

    (a)    an index of all documents that clearly identifies each document and indicates the date the document was filed in the State Court Action;

76666.0184

 (b) a copy of each document filed in the State Court Action, except discovery material, arranged in chronological order according to the state court filing date;

 (c) a separately filed JS 44 Civil Cover Sheet; and

 (d) a separately filed Supplement to JS 44 Civil Cover Sheet for Cases Removed from State District Court.

For the above reasons, Defendant gives notice of the removal of the State Court Action to this Court and respectfully request that this action proceed before this Court as though it had originally been instituted in this Court.

 Dated: 17 November, 2016

        Respectfully submitted,

        ADAMI, SHUFFIELD, SCHEIHING
         & BURNS, P.C.
        9311 San Pedro, Suite 900
        San Antonio, Texas 78216
        Telephone (210) 344-0500
        Telecopier (210) 344-7228
        bscheihing@adamilaw.com

      By: _____
        ROBERT F. SCHEIHING
        State Bar No. 17736350

        ATTORNEY FOR DEFENDANT

76666.0184

## CERTIFICATE OF SERVICE

    This is to certify that a true and correct copy of the above and foregoing document has been forwarded to the following counsel of record in compliance with the Federal Rules of Civil Procedure this 17 day of November, 2016:

Andres Arguello
Philip Broderick
Nishi Kothari
ARGUELLO, HOPE & ASSOCIATES, PLLC
1110 NASA Parkway, Suite 620
Houston, Texas 77058
andres@simplyjustice.com
Philip@simplyjustice.com
Kothari@simplyjustice.com

                                                                _____
                                                                 ROBERT F. SCHEIHING