# EXHIBIT "A-1"

FILED
10/21/2016 10:26:17 AM
Donna Kay McKinney
Bexar County District Clerk
Accepted By: Laura Rodriguez

cit pps/sac3 m/o

CAUSE NO. 2016CI18407

| EULALIO MALDONADO AND ELISA MALDONADO, *Plaintiff*, | § § § § | IN THE DISTRICT COURT |
|---|---|---|
| v. | § § § § | 408th JUDICIAL DISTRICT |
| TRAVELERS LLOYDS OF TEXAS INSURANCE COMPANY, *Defendants.* | § § § | BEXAR COUNTY, TEXAS |

## PLAINTIFFS' ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, EULALIO MALDONADO and ELISA MALDONADO (herein "Plaintiffs") and file their *Plaintiffs' Original Petition and Request for Disclosure*, complaining of TRAVELERS LLOYDS OF TEXAS INSURANCE CO. (herein "Travelers"), and respectfully show this Honorable Court the following:

### I. DISCOVERY CONTROL PLAN

1. Plaintiffs intend for discovery to be conducted under Level 2 of Rule 190 of the Texas Rules of Civil Procedure.

### II. PARTIES

2. Plaintiffs Eulalio and Elisa Maldonado are individuals residing in Bexar County, Texas.

3. Defendant Travelers is an insurance company engaged in the business of insurance in the State of Texas with its principal office located in Richardson, Texas. The causes of action asserted arose from or are connected with purposeful acts committed by Defendant in the State of Texas, in Bexar County. Defendant Travelers may be served via its attorney for service: Corporation Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701-3218.

### III. JURISDICTION

4. The Court has jurisdiction over this cause of action because the amount in controversy is within the jurisdictional limits of the Court. Plaintiffs are seeking monetary relief over $200,000 but not more than $1,000,000. Plaintiffs reserve the right to amend their petition during and/or after the discovery process.

5. The Court has jurisdiction over Defendant Travelers because this defendant engages in the business of insurance in the State of Texas, and Plaintiffs' causes of action arise out of this defendant's business activities in the State of Texas.

### IV. VENUE

6. Venue is proper in Bexar County, Texas, because the insured property is situated in Bexar County, Texas. TEX. CIV. PRAC. & REM. CODE §15.032.

### V. FACTS

7. Plaintiffs are the owners of a Texas Homeowners' Insurance Policy, with Policy No. 0HE1730365014786769, which was issued and sold by Travelers (hereinafter referred to as "the Policy").

8. Plaintiffs own the insured property, which is specifically located 9227 Echo Port Drive, San Antonio, Texas 78242 which is located in Bexar County, Texas (herein "the Property").

9. On or about April 12, 2016, a severe wind and/or hail storm struck Bexar County, Texas ("the Incident"). On or about August 20, 2016, Plaintiffs' estimator conducted an inspection of the Property. Plaintiffs' estimator found that the Property sustained substantial wind and/or hail damage as a result of the Incident. Specifically, the composition shingle roof of Plaintiff's dwelling sustained extensive wind and/or hail damage and requires full replacement along with the following roof fixtures: the drip edge, metal valley, step flashing, exhaust cap, roof vents, chimney flashing, chimney chase cover, fascia, and flue cap. Additionally, Plaintiffs' estimator found that the carport roof sustained damage that necessitates the removal and replacement of the standing

seam metal roofing material. Moreover, Plaintiff's estimator found that during the storm, the force of wind and/or hail impacted and/or lifted Plaintiffs' roof shingles, allowing for water to penetrate through the storm-created opening, damaging the ceiling and walls of the dwelling. These damages necessitate the following repairs: detachment and resetting of fixtures, removal and replacement of acoustic ceiling popcorn, removal and replacement of drywall and batt insulation, application of a biological cleaning agent, and the sealing of the ceilings with a latex based stain blocker. Additionally, the storm damaged the roof and siding of the Property's shed. These damages necessitate the following repairs: removal and replacement of siding trim, removal and replacement of siding, sealing with silicone caulking, priming and painting of soffits, sealing and painting of trim, priming and painting of fascia, and sealing and painting of wood siding. The shed roof damage necessitates the removal and replacement of sheathing and the roll roofing.

10. Plaintiffs submitted a claim to Travelers against the Policy referenced in paragraph 7 for hail and wind damage to the Property sustained as a result of the Incident, and their claim was assigned claim number HVZ9946001H by Defendant Travelers ("the Claim"). Plaintiffs asked that Travelers cover all costs of repairs to the Property, as shown *supra*, pursuant to the Policy.

11. Travelers acknowledged the claim and informed the Plaintiffs that further on-site investigation of the claim might be necessary.

12. Thereafter, Travelers assigned Alex Hartson (herein "Mr. Hartson") to inspect the Property and adjust the claim on behalf of Defendant Travelers. Mr. Hartson was improperly trained and/or supervised and failed to perform a thorough investigation of Plaintiffs' claim. Specifically, Mr. Hartson conducted a substandard inspection of Plaintiffs' property. The inadequacy of Mr. Hartson's inspection is clearly evidenced by his report, which failed to include and/or under-scoped/undervalued many of Plaintiffs' covered damages. For example, while Mr. Hartson made an allowance in his report for the replacement of Plaintiffs' damages shingles, he miscalculated the amount of shingles necessary to effect repairs and/or miscalculated waste. Moreover, Mr.

Hartson failed to assess damage sustained by the roof components/fixtures referenced in paragraph 9. Mr. Hartson also failed to take into account materials reasonably necessary to effect repairs to the roof, such as an all-purpose poly tarp and an asphalt peel and stick starter kit. Additionally, Mr. Hartson failed to assess the damage sustained by the Plaintiffs' carport, referenced above in paragraph 9. Mr. Hartson also failed to scope for the full extent of the water damage sustained by the interior of the dwelling. Specifically, Mr. Hartson only made an allowance in his estimate of damages for the spot sealing of a water stain on the kitchen ceiling, rather than the full removal and replacement of water damaged drywall and insulation, as recommended by Plaintiffs' adjusters. Lastly, Mr. Hartson failed to assess damage sustained by Plaintiffs' shed – despite the presence of tell-tale signs of hail and/or wind damage. The damages omitted by Mr. Hartson amount to more than just mere oversights – the conspicuous nature of the damages suggests that Mr. Hartson omitted these damages in an effort to underpay Plaintiffs' properly covered damages.



*Plaintiffs' hail and/or wind damaged shed.*

Furthermore, Mr. Hartson improperly calculated depreciation when he was determining the actual cash value of damages. Mr. Hartson applied excessive depreciation to items in his estimate without a reasonable basis for the application of such patently excessive depreciation or sufficient annotations or notes in his estimate regarding the age, condition, or wear of the items to which he applied depreciation. In addition to omitting and undervaluing many of Plaintiffs' covered damages in his report, Mr. Hartson underpriced the cost of materials required for necessary repairs, incorrectly applied material sales tax, failed to properly account for overhead and profit, and improperly calculated the actual cash value of Plaintiffs' loss under the Policy. Ultimately, Mr. Hartson's estimate did not allow adequate funds to cover the cost of repairs for all of the damages sustained by Plaintiffs. Mr. Hartson's inadequate investigation was relied upon by Travelers in this action and resulted in Plaintiffs' claim being improperly adjusted and undervalued.

13. Defendant Travelers failed to adequately train and supervise Mr. Hartson, resulting in the unreasonable investigation and improper handling of Plaintiffs' claim. Moreover, Travelers failed to thoroughly review and properly oversee the work of Mr. Hartson, ultimately approving an improper adjustment of and an inadequate, unfair settlement of Plaintiffs' claim. As a result of Defendant's wrongful acts and omissions set forth above and further described herein, Plaintiffs' claim was improperly denied in part and substantially underpaid, resulting in damages to the Plaintiff.

14. Together, Defendant Travelers and Mr. Hartson set about to deny and/or underpay on properly covered damages. Travelers and Mr. Hartson misrepresented to Plaintiffs that Mr. Hartson's estimate included all of Plaintiffs' properly covered damages and made sufficient allowances to cover the cost of repairs to Plaintiffs' Property pursuant to the Policy; when, in fact, Mr. Hartson's estimate failed to include many of Plaintiffs' properly covered damages and failed to allow for sufficient amounts to cover the cost of repairs to the Property. Defendant Travelers failed to provide full coverage for the damages sustained by Plaintiffs and under-scoped and

undervalued Plaintiffs' damages, thereby partially denying payment on Plaintiffs' claim. As a result of the Defendant's unreasonable investigation, Plaintiffs' claim was improperly adjusted and Plaintiffs have been substantially underpaid and suffered damages. The mishandling of Plaintiffs' claim has caused a delay in Plaintiffs' ability to fully repair the Property, and has likely resulted in further damages to the dwelling. To date, Plaintiffs have yet to receive sufficient payment that they are entitled to under the Policy.

15. As detailed in the paragraphs below, Defendant Travelers wrongfully denied Plaintiffs' claim for repairs of the Property, even though the Policy provided coverage for losses such as those suffered by Plaintiffs.

16. Defendant Travelers failed to perform its contractual duty to adequately compensate Plaintiffs under the terms of the Policy. Specifically, it refused to pay adequate proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged Property. Travelers' conduct constitutes a breach of the insurance contract between Travelers and Plaintiffs.

17. Defendant Travelers through its agent, Mr. Hartson, misrepresented to Plaintiffs that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. Defendant Travelers' conduct constitutes violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(1).

18. Defendant Travelers failed to make an attempt to settle Plaintiffs' claim in a fair manner, although they were aware of their liability to Plaintiffs under the Policy. Defendant Travelers' and conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(2)(A).

19. Defendant Travelers failed to explain to Plaintiffs the reasons for their partial denial of Plaintiffs' full claim. Specifically, Defendant Travelers failed to offer Plaintiffs adequate compensation, without sufficient explanation as to why full payment was not being made.

Furthermore, Defendant Travelers did not communicate that any future settlements or payments would be forthcoming to pay for the losses covered under the Policy. The conduct of Defendant Travelers is a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(3).

20. Defendant Travelers refused to fully compensate Plaintiffs, under the terms of the Policy, even though Travelers failed to conduct a reasonable investigation. Specifically, Travelers and Mr. Hartson performed an outcome-oriented investigation of Plaintiffs' claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiffs' losses on the Property. The conduct of Travelers and its agent, Mr. Hartson, constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(7).

21. Defendant Travelers failed to accept or deny Plaintiffs' full and entire claim within the statutorily mandated time of receiving all necessary information. Travelers's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056.

22. Defendant Travelers failed to meet its obligations under the Texas Insurance Code regarding payment of claim without delay. Specifically, it has delayed full payment of Plaintiffs' claim longer than allowed and, to date, Plaintiffs have not received full payment for their claim. Travelers' conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.058.

23. From and after the time Plaintiffs' claim was presented to Defendant Travelers, the liability of Travelers to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, Travelers has refused to pay Plaintiffs in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny the full payment. Travelers' conduct constitutes a breach of the common law duty of good faith and fair dealing.

24. Defendant Travelers and Mr. Hartson knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or part of material

information from Plaintiffs.

25. As a result of Defendant Travelers' and Mr. Hartson's wrongful acts and omissions, Plaintiffs were forced to retain the professional services of the attorney and law firm who is representing them with respect to these causes of action.

## VI. CAUSES OF ACTION

26. Defendant Travelers is liable to Plaintiffs for intentional breach of contract, as well as intentional violations of the Texas Insurance Code, and intentional breach of the common law duty of good faith and fair dealing.

### A. BREACH OF CONTRACT

27. Plaintiffs incorporate the above-referenced paragraphs as if stated fully herein.

28. Defendant Travelers' conduct constitutes a breach of the insurance contract made between Travelers and Plaintiffs.

29. A contract exists when: 1) an offer is made for goods or services; 2) acceptance is followed thereafter; 3) there is a meeting of the minds between the parties; 4) each party consents to the essential terms; and 5) there is an execution and delivery of the contract with the intent that it is mutual and binding. *Baroid Equipment, Inc. v. Odeco Drilling, Inc.*, 184 S.W.3d 1, 17 (Tex.App.—Houston [1st Dist.] 2005, pet. denied).

30. A party may breach the contract by failing to uphold its obligations under the terms of the contract, after the other party has already performed, and the second party has suffered damages.

31. Defendant Travelers' failure and/or refusal, as described above, to pay adequate compensation as it is obligated to do under the terms of the policy in question, and under the laws of the State of Texas, after Plaintiffs fully performed all of their obligations under the policy, including the payment of the premium, constitutes a breach of Travelers's insurance contract with Plaintiffs.

### B. NONCOMPLIANCE WITH TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

32. Plaintiffs incorporate the above-referenced paragraphs as if stated fully herein.

33. Defendant Travelers' conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a). All violations under this article are made actionable by TEX. INS. CODE §541.151.

34. Defendant Travelers' unfair settlement practice, as described above, of misrepresenting to Plaintiffs material facts relating to the coverage at issue – specifically, misrepresenting to Plaintiffs that damages sustained to the Property during the Incident were not covered despite the fact that damages were the result of a peril/s covered by the policy at issue – constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX INS. CODE §541.060(a)(1).

35. Defendant Travelers' unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though Travelers' liability under the policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

36. Defendant Travelers' unfair settlement practice, as described above, of failing to promptly provide Plaintiffs with a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for its failure to offer a compromise settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(3).

37. Defendant Travelers' unfair settlement practice, as described above, of refusing to pay Plaintiffs' claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).

38.     Plaintiffs would submit that this action is not only a violation of the Texas Insurance Code §541.060, but the act of knowingly making material misrepresentations of fact or opinion, to Plaintiffs by Travelers, knowing that this statement is false, constitutes fraud. Travelers made misrepresentations to Plaintiffs about their case, recklessly, without any knowledge of the truth; Travelers intended that Plaintiffs rely on its statements regarding the applicable coverage to the Property, and Plaintiffs relied on Travelers' statements regarding the same, and have sustained damages.

C. NONCOMPLIANCE WITH TEXAS INSURANCE CODE: THE PROMPT PAYMENT OF CLAIMS

39.     Plaintiffs incorporate the above-referenced paragraphs as if stated fully herein.

40.     Defendant Travelers' conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. Violations under this article are made actionable by TEX. INS. CODE §542.060.

41.     Defendant Travelers' failure to notify Plaintiffs in writing of its acceptance or rejection of the claim within the applicable time constraints, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.056.

42.     Defendant Travelers' delay of the payment of Plaintiffs' claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for, as described above, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.058.

D. BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING

43.     Plaintiffs incorporate the above-referenced paragraphs as if stated fully herein.

44.     Defendant Travelers' conduct constitutes a breach of the common law duty of good faith and fair dealing owed to insureds in insurance contracts.

45.     "Good faith and fair dealing" is defined as the degree and diligence which a man of ordinary care and prudence would exercise in the management of one's own business. *Arnold v. Nat'l Mut. Fir Ins. Co.*, 725 S.W.2d 165, 167 (Tex. 1987). This tort arises from Texas law, which

recognizes that a special relationship exists as a result of Plaintiffs' (the policyholders) and Travelers' (the insurer) unequal bargaining power. Part of this unequal bargaining power results from the fact that Travelers controls entirely the evaluation, processing and denial of claims.

46.     By not inspecting the property for all of the claimed covered damages, Travelers and Mr. Hartson did not inspect and evaluate Plaintiffs' home as if it were their own home. Travelers' and Mr. Hartson's investigation and evaluation was not reasonable; thus, there is no reasonable basis for withholding payment for Plaintiffs' covered damages. Texas courts have held that the mere fact that an insurer relies upon an expert's report to deny a claim does not automatically foreclose bad faith recovery as a matter of law. *See Southland Lloyds Ins. Co. v. Cantu*, 399 S.W.3d 558, 570 (Tex. App. 2011) (citing *State Farm Lloyds v. Nicolau*, 951 S.W.2d 444,448 (Tex.1997)). Rather, reliance on expert reports, alone, will not necessarily shield the carrier if there is evidence that the report was not *objectively prepared* or the insurer's reliance on the report was unreasonable. *See Id.* (emphasis added) (citing *Nicolau*, 951 S.W.2d at 448). As the foregoing paragraphs establish, Mr. Hartson's report was not objectively prepared (*see supra* ¶¶ 9, 12); therefore, Travelers' reliance on his estimate was unreasonable and in violation of the duty of good faith and fair dealing. Moreover, Travelers' overall conduct in handling Plaintiffs' claim was not reasonable.

47.     Therefore, Defendant Travelers' failure, as described above, to adequately and reasonably investigate and evaluate Plaintiffs' claim, although, at that time, Travelers, through its agent, Mr. Hartson, knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

### E.     ACTS CONSTITUTING ACTING AS AGENT

48.     Plaintiffs incorporate the above-referenced paragraphs as if stated fully herein.

49.     As referenced and described above, and further conduct throughout this litigation and lawsuit, Mr. Hartson is an agent of Defendant Travelers based on Defendant Travelers's acts,

ratification, negligent hiring and training, supervision and/or omissions during the handling of this claim, including but not limited to, inspections, adjustments, and aiding in adjusting a loss for or on behalf of the insurer. TEX. INS. CODE §4001.051.

50. Separately, and/or in the alternative, as referenced and described above, Defendant Travelers ratified the acts, negligent hiring and training, supervision and/or omissions of Mr. Hartson, including the completion of his duties under the common law and statutory law.

### F. GROSS NEGLIGENCE

51. Plaintiffs incorporate the above paragraphs as if stated fully herein.

52. Plaintiffs are entitled to exemplary damages as a result of Defendant Travelers' breach of duties owed, as described above. When viewed objectively from the standpoint of the Defendant at the time of the occurrence in question, Defendant's conduct involved an extreme degree of risk, considering the probability and magnitude of the harm to others, or the risk of financial ruin to others, and of which the Defendant had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others. In the alternative, Defendant had specific intent to cause substantial harm to Plaintiffs.

## VII. KNOWLEDGE

53. Each of the acts described above, together and singularly, was done "knowingly," as that term is used in the Texas Insurance Code, and was a producing cause of Plaintiffs' damages described herein.

## VIII. DAMAGES

54. Plaintiffs would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiffs.

55. As previously mentioned, the damages caused by the April 12, 2016 hail storm and/or windstorm have not been properly addressed or repaired in the months since the Incident, causing further damages to the Property, and causing undue hardship and burden to Plaintiffs. These

damages are a direct result of Defendant Travelers' mishandling of Plaintiffs' claim in violation of the laws set forth above.

56. For breach of contract, Plaintiffs are entitled to regain the benefit of the bargain, which is the amount of their claim, together with attorney's fees.

57. For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiffs are entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, mental anguish, court costs, and attorney's fees. For knowing conduct of the acts described above, Plaintiffs ask for three times their actual damages. TEX. INS. CODE §541.152.

58. For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiffs are entitled to the amount of their claim, as well as eighteen (18) percent interest per annum on the amount of such claim as damages, together with attorney's fees. TEX. INS. CODE §542.060.

59. For breach of the common law duty of good faith and fair dealing, Plaintiffs are entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages, and damages for emotional distress.

60. For the prosecution and collection of this claim, Plaintiffs have been compelled to engage the services of the attorney whose name is subscribed to this pleading. Therefore, Plaintiffs are entitled to recover a sum for the reasonable and necessary services of Plaintiffs' attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

## IX. REQUEST FOR DISCLOSURE

61. Under Texas Rules of Civil Procedure 194, Plaintiffs hereby request Defendant Travelers disclose, within fifty (50) days of service of this request, the information or material described in Texas Rule of Civil Procedure 194.2 (a) through (l).

## X.  PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Plaintiffs pray that upon trial hereof, said Plaintiffs have and recover such sums as would reasonably and justly compensate them in accordance with the rules of law and procedure, as to actual damages, treble damages under the Texas Insurance Code, and all punitive and exemplary damages as may be found.  In addition, Plaintiffs request the award of attorney's fees for the trial and any appeal of this case, for all costs of Court on their behalf expended, for prejudgment and post-judgment interest as allowed by law, and for any other and further relief, either at law or in equity, to which they are justly entitled.

Respectfully submitted,

**ARGUELLO, HOPE & ASSOCIATES, PLLC**
1110 NASA Parkway, Suite 620
Houston, Texas 77058
Telephone: (281) 532-5529
Facsimile: (281) 402-3534


By:  _/s/ Andres Arguello_
ANDRES ARGUELLO
State Bar No. 24088970
andres@simplyjustice.com
PHILIP BRODERICK
State Bar No. 24094561
philip@simplyjustice.com
NISHI KOTHARI
State Bar No. 24087862
kothari@simplyjustice.com

***COUNSEL FOR PLAINTIFF
EULALIO MALDONADO
AND ELISA MALDONADO***